1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

THOMAS C. FRENCH,

Petitioner,

v.

R. JOHNSON, Warden,

Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. 2:21-cv-05099-JWH-SP

**MEMORANDUM AND ORDER
SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS**

# I.

## INTRODUCTION

On June 22, 2021, petitioner Thomas C. French, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254.  Petitioner challenges the 26-year sentence he received in 2015 following his conviction for assault in Los Angeles County Superior Court.  Petitioner asserts a single ground for habeas relief, that he was unlawfully sentenced under California Penal Code § 1170(e).

On June 28, 2021, the Court issued an Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust, as Time-Barred, and for Failure to Raise Cognizable Claim ("OSC").  The Court noted that petitioner's judgment appeared to have become final in March or April 2016, making the Petition untimely absent statutory or equitable tolling.  The Petition also indicated petitioner had not raised any claim before the California Supreme Court.  Finally, the Court explained that petitioner's sole claim is one of state sentencing law error, which is not cognizable on federal habeas review.  The Court ordered petitioner to respond to the OSC by July 28, 2021.  Petitioner has never filed a response to the OSC.

After careful review and consideration, the Court finds the Petition is time-barred, unexhausted, and does not raise a cognizable claim.  Consequently, the Court dismisses the Petition with prejudice.

# II.

## BACKGROUND

According to petitioner, in September 2015, a jury convicted him of assault with force likely to prove great bodily injury in violation of California Penal Code § 245(a)(4), with an enhancement for inflicting great bodily injury in circumstances involving domestic violation under Penal Code § 12022.7(e).  Pet. at 2.  The trial court sentenced him to 26 years in prison.  *Id.*

1    Petitioner appealed his conviction to the California Court of Appeal.  Pet. at 5;

2  *People v. French*, case no. B267717 (Cal. Ct. App.).[1]  The appeal was dismissed on

3  March 17, 2016, at petitioner's request.  *Id.*  Petitioner did not seek review in the

4  California Supreme Court, nor did he ever file a state habeas petition.  Pet. at 5.

### III.

### DISCUSSION

7    Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to

8  summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any

9  attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4

10  also authorizes dismissals on procedural grounds.  *See* 28 U.S.C. foll. § 2254, Rule 4

11  Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

12  Here, the Petition must be dismissed because, as discussed below, it is time-barred,

13  unexhausted, and not cognizable.

### A.    The Petition Is Time-Barred

15    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates

16  that a "1-year period of limitation shall apply to an application for a writ of habeas corpus

17  by a person in custody pursuant to the judgment of a State court."  28 U.S.C.

18  § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329 (2007); *Mardesich v.*

19  *Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).  After the one-year limitation period expires,

20  the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently

21  foreclosed."  *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

22    To assess whether a petition is timely filed under AEDPA, it is essential to

23  determine when AEDPA's limitation period starts and ends.  By statute, AEDPA's

24  limitation period begins to run from the latest of four possible events:

---

[1]    *See* Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov/.
The Court takes judicial notice of the state appellate docket.  *See* Fed. R. Evid. 201(b).

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the expiration of the time allotted for seeking direct review.  *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

 AEDPA also allows for statutory or equitable tolling.  *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002).  But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied."  *Id.*

 Here, petitioner appealed to the California Court of Appeal, but later voluntarily dismissed his appeal.  His conviction therefore became final on March 17, 2016, the day petitioner dismissed his appeal.  *See* Cal. R. Ct. 8.366(b)(2)(B) (court of appeal decision final upon filing where appeal dismissed on request); *Ellis v. Warden of Cent. Cal. Women's Facility*, 2021 WL 3883683, at *3 (E.D. Cal. Aug. 31, 2021) (conviction became final the day petitioner dismissed her appeal, and there is no entitlement to ten days to file petition for review after voluntary withdrawal of appeal) (citations omitted).  As such, absent tolling, the applicable limitation period here expired on March 17, 2017.

Petitioner did not file the instant Petition until June 22, 2021—more than four years later. Consequently, the Petition is untimely unless there was sufficient statutory or equitable tolling.

Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Equitable tolling is appropriate when "extraordinary circumstances" beyond a petitioner's control make it impossible to file a petition on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." (cleaned up)).

The record here reveals no basis for statutory tolling, with petitioner acknowledging he did not file any petitions prior to this one. *See* Pet. at 5. As for equitable tolling, petitioner claims he was not previously aware he was entitled to relief under California Penal Code § 1170(e). Pet. at 6. But a "pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) (citation omitted). Accordingly, the Petition must be dismissed as untimely.

**B.    The Petition's Sole Claim Is Unexhausted**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by

carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845. For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See id.* (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).

Here, petitioner has not exhausted his sole claim in the state courts. He voluntarily dismissed his direct appeal to the California Court of Appeal, and so that court did not have an opportunity to consider his claim. *See Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (finding failure to exhaust where petitioner "abandoned" his federal claims by voluntarily dismissing his appeal). And in any event, there is no indication he ever presented his claim to the California Supreme Court. On the contrary, petitioner states he never filed either a petition for review or a state habeas petition. Pet. at 5. Thus, the Petition will also be dismissed as fully unexhausted. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

## C.   The Petition's Sole Claim Is Not Cognizable

A state prisoner is entitled to federal habeas relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle*, 502 U.S. at 67 (citation omitted).

Here, petitioner's sole claim—that he should be re-sentenced with consideration of the factors in California Penal Code § 1170(e)—is a matter of state sentencing law, not federal law, and as such does not present a cognizable claim for federal habeas relief. *See Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (alleged abuse of discretion in

applying state sentencing law cannot form the basis for federal habeas relief).
Accordingly, the Petition will also be dismissed because it does not present a claim
cognizable on federal habeas review.

**IV.**

**<u>CONCLUSION</u>**

It is therefore **ORDERED** that Judgment be entered summarily **DISMISSING** the
Petition and this action **with prejudice**.

**IT IS SO ORDERED.**

Dated:   <u>August 21, 2023</u>

HONORABLE JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE